LOUISE RICHARDS GORDON
*vs.*
JOSEPH GORDON

Superior Court    New London County    File No. 14834

MEMORANDUM FILED DECEMBER 1, 1942.

*Griswold Morgan,* of New London, for the Plaintiff.

Memorandum of decision in action for divorce or, in alternative, annulment.

INGLIS, J.   In this action the plaintiff seeks a divorce on the ground of fraudulent contract or, in the alternative, an annulment.   The claim for an annulment is not pressed and, indeed, it is apparent that there is nothing in the evidence which would justify a conclusion that the marriage was void.

As to the claim for divorce it is found that the defendant fraudulently concealed from the plaintiff two facts.   The first of these was that in January, 1940, nearly two years before the marriage, he had been convicted in the New London Police Court of the crime of issuing fraudulent checks.   The second was with reference to the number of children whom he had from a former marriage.   On this subject, before they were married he told the plaintiff that he had only one daughter who was 20 years old and able to take care of herself, whereas in truth he had four other younger children whom he was boarding out.   As soon as the plaintiff discovered the truth about the children she separated from the defendant.

In order to make out fraudulent contract as a ground for divorce the facts misrepresented or concealed must be such as to go to the very essence of the marriage.   "The existence or nonexistence of the fact thus concealed or misrepresented must operate, as between the parties to the marriage, to prevent some essential purpose of marriage and work a practical destruction of that relation." *Gould vs. Gould,* 78 Conn. 242, 261; *Lyman vs. Lyman,* 90 id. 399, 402.

Certainly the fact that a man has been convicted of a crime

prior to the marriage does not prevent any essential purpose of the marriage. As regards the existence of four minor children the only substantial effect which that necessarily has and which it had in this case is that it diminishes the amount which the husband has to expend for the support of his wife by the amount which he has to expend for their support. That can hardly be said to defeat the purposes of the marriage or to work a practical destruction of the marriage. Many marriages are entirely satisfactory arrangements in spite of the fact that the husband has to' support children of a former marriage or other relatives. The fact that the husband in this case had somewhat less money available for his wife's support than she supposed he would have does not offer a sufficient ground to dissolve a marriage status.

Judgment may enter denying the divorce and the annulment.