[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Returnable January 18, 1994, the plaintiff has brought a two count complaint. In the first count, she alleges "[t]he defendant knowingly lied to the plaintiff concerning children he had fathered with other women and was liable for the support thereof," and seeks an annulment of the marriage. In her second count, the plaintiff alleges the marriage has broken down irretrievably with no reasonable prospect for reconciliation and prays that the marriage be dissolved. In each count she has made the appropriate allegations with regard to the date and place of the marriage, residency and the lack of children born issue of the marriage or born to the wife since the date of the marriage
The court finds that proper service was made upon the defendant and that he made default of appearance. A proper military affidavit was submitted and the court finds the defendant is not now nor within the past thirty days been in the military or naval service of the United States. The court also finds that it has jurisdiction over the marriage.
The plaintiff's preference is that the court annul the marriage, although sufficient evidence was introduced on the second CT Page 5377 count for the court to dissolve the marriage on the grounds of irretrievable breakdown. The plaintiff claims the misrepresentation of the defendant's status as a father of two children warrants a finding by the court that the ". . . marriage is void or voidable under the laws of this state. . ." General Statutes46b-40(b). However, such misrepresentation was specifically addressed in Gordon vs. Gordon, 11 Conn. Sup. 302 (1942) where the court found the defendant's failure to reveal he had four other children in addition to the one he admitted was insufficient as a matter of law to conclude the marriage was void. See also,Fattibene vs. Fattibene, 183 Conn. 433 (1981).
Accordingly, the court finds the plaintiff has not sustained her burden of proof on the first count, although she has on the second count. A decree of dissolution is entered on the grounds of irretrievable breakdown.
In addition, the court will order the defendant to reimburse by way of lump sum alimony the sum of $747.50 at the rate of $20 per week, which sum represents $200 for tires purchased by the plaintiff for the defendant's car, $212.50 which represents one-half of the security deposit on the apartment occupied by the defendant, and $335 in attorney fees. Said order is to become effective twenty days after notice to the defendant.
STANLEY, J.